**NEHI, Inc., v. BECKER et al.**
No. 2993.

District Court, N. D. Ohio, E. D.
May 6, 1932.

C. L. Parker, of Washington, D. C., Hull, Brock & West and Day & Day, all of Cleveland, Ohio, and Willis Battle, of Columbus, Ga., for plaintiff.

William W. Rosenzweig, of Cleveland, Ohio, for defendants.

JONES, District Judge.

This matter is here on exceptions of both parties to the report of the special master.

From a consideration of the record, the report, and briefs, I am able to agree with the master in all respects except that I think there is infringement of trade-mark, and so hold. In all other respects, the findings and conclusions of the master will be adopted and confirmed.

Infringement of trade-mark registered December 29, 1925, applied for November 19, 1924, and unfair competition, are charged. "Nehi" is a nonintoxicating beverage made from concentrates of various flavors and sold by the plaintiff throughout the country in nine-ounce bottles, about nine inches tall, and of unusual shape. Extensive advertising of more than one and a half million dollars in value, and sales aggregating many millions of dollars, are shown in support of its profitable character.

The use of the mark "Nehi" finds its origin in the ancient expression "knee high." This is evident from the design of a woman's leg adorning the cap of the bottle. The expression "knee high" usually related to a comparison of height and was descriptive of something diminutive, or reaching only to the knee, as "knee high to a grasshopper"; and as distinguished from "sky high." It has no relevancy to soda water or like beverages. It is a fanciful name to attract the senses of the soft drink public, and apparently, from the business developed, accomplishes the purpose. The use of the abbreviations "Hi" or "Hy," in conjunction with preceding words, has in recent years become in great vogue— as for instance, "Ace-Hy" used by the defendant; and as applied to high schools as "South Hi," "Central Hi," and so forth; and as in golf, "Hol-Hi."

I think the mark of the plaintiff suggestive of a particular product, and not descriptive of either bottle or contents. In any event, the plaintiff was the first to adopt and make use of the mark "Nehi" to designate and distinguish its product. If the evidence establishes the fact of confusion in the trade, which is not due to accidental similarity of names or products, plaintiff should be entitled to relief.

The use of such a similar name, with the same size and type of bottle, by a competitor engaged in putting out to the public the same character of product, could hardly be expected to escape the advantage of the public confusion. There is no doubt that the symbol and get-up of the defendant is calculated, and does, confuse and deceive the public. Ohio Baking Co. v. National Biscuit Co. (C. C. A.) 127 F. 116; Garrett & Co., Inc., v. A. Schmidt, Jr., & Bros. Wine Co. (D. C.) 256 F. 943. The plain fact is that defendant seeks to capture the trade through the use of a mark and bottle similar to that of the plaintiff and no more relevant to its product. Confusion to the consuming public is inevitable. Articles and products of the same character, intended for the same public, and identified by similar names and dress, clearly are confusing to the ordinary public. O. & W. Thum Co. v. Dickinson (C. C. A.) 245 F. 609. As I understand the case of Coca-Cola Co. v. Carlisle Bottling Works (C. C. A.) 43 F.(2d) 119, the opinion does not go beyond the evidence in that case; and elements absent there are present here with sufficient effect to afford distinction.

As an alternative conclusion, if the plaintiff's right in the trade-mark is not exclusive, or if there is no infringement, it is my opinion that the use of the mark "Ace-Hy" by the defendant constitutes unfair competition.

The exceptions of the plaintiff respecting the master's report finding noninfringement will be sustained, the exceptions of the defendant will be overruled, and the master's report in other respects will be confirmed.